UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO VIGIL, et al.,<br><br>Defendants. | No. 2:24-cr-00065-DAD<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS INDICTMENT AS MOOT<br><br>(Doc. No. 123) |

This matter came before the court on October 27, 2025 for hearing on a motion to dismiss indictment for violation of the Sixth Amendment brought on behalf of defendants Barrera, Blackwood, Phan, Calderon, and Godinez. (Doc. Nos. 123, 124, 125, 126, 127, 132.) For the reasons explained below, the court will deny defendants' motion as having been rendered moot by the Continuing Resolution enacted on November 12, 2025, funding the Criminal Justice Act ("CJA") thereby clearing the way for appointed panel attorneys and those providing ancillary services to appointed counsel (paralegals, investigators, experts and interpreters) to be paid the amounts withheld from them since late June as well for services provided during the coming months.

On March 21, 2024, defendants Vigil and Martinez were indicted on multiple counts related to conspiracy to distribute and possess with intent to distribute a controlled substance in

1

1  violation of 21 U.S.C. §§ 846, 841(a)(1) and other related crimes.  (Doc. No. 1.)  On June 27,

2  2024, the remaining defendants in this action were indicted on multiple counts related to

3  conspiracy to distribute and possess with intent to distribute controlled substances in violation of

4  21 U.S.C. §§ 846, 841(a)(1), and other related crimes.  (Doc. No. 26.)  Attorneys Hansen, Leras,

5  Jones, White, Mazenko, Zaitsu, Knapp, and Cosca were appointed pursuant to the CJA as counsel

6  for the moving defendants and continue to represent those defendants.

7       CJA funding ran out in July 2025, with some CJA counsel receiving their last regularly

8  scheduled payment in June 2025.  (Doc. No. 123 at 5–6.)  The CJA counsel joining in the pending

9  motion to dismiss have represented that they were "assured that payments would resume once

10  Congress passed a budget for Fiscal Year 2026." (*Id.* at 5.)  Due to the lapse in funding until

11  Congress's passage of the Continuing Resolution, those defendants' counsel who were

12  appointments from the CJA panel were not paid during the period of that lapse in funding.  (*Id.*)

13       On October 9, 2025, defendants filed their motion to dismiss pursuant to Federal Rule of

14  Criminal Procedure 12(b).  (Doc. No. 123.)  On October 16, 2025, the government filed its

15  opposition to the motion and on October 22, 2025, defendants filed their reply thereto.  (Doc.

16  Nos. 128, 129.)  On October 27, 2025, the court held a hearing on the pending motion.  (Doc. No.

17  132.)

18       Federal Rule of Criminal Procedure 12(b)(1) provides that a "party may raise by pretrial

19  motion any defense, objection, or request that the court can determine without a trial on the

20  merits."  Fed. R. Crim. P. 12.  The court has "inherent supervisory powers to order dismissal of

21  prosecutions for only three legitimate reasons:  (1) to implement a remedy for the violation of a

22  recognized statutory or constitutional right; (2) to preserve judicial integrity by ensuring that a

23  conviction rests on appropriate considerations validly before a jury; and (3) to deter future illegal

24  conduct."  *United States v. Matta-Ballesteros*, 71 F.3d 754, 763 (9th Cir. 1995).

25       The court need not, and therefore does not at this time, decide the question of whether a

26  Sixth Amendment violation has occurred in this case.  This is because the resumption of CJA

27  funding has ended any such violation.  Certainly, there now exists persuasive authority that the

28  prolonged refusal to appropriate CJA funds for defense counsel as well as those providers

2

working on behalf of appointed counsel constitutes a violation of the Sixth Amendment. *United States v. Evanovich*, No. 2:24-cr-00079-DJC, 2025 WL 3208308, at *4 (E.D. Cal. Nov. 17, 2025) ("Having developed an elaborate system of paid, court-appointed representation, which is now decades old and well-established, Congress cannot remove the funding aspect of the system and still expect criminal defendants to receive adequate representation."); *see also United States v. Ortiz*, — F. Supp. 3d —, 2025 WL 3157821, at *3 (E.D. Cal. Nov. 12, 2025) ("Here, Congress's prolonged failure to provide funding for defense counsel violates Defendant's fundamental constitutional right.");[1] *but see United States v. Vasquez*, No. 2:25-cr-00135-WBS, 2025 WL 2961906, at *1–2 (E.D. Cal. Oct. 20, 2025) (finding that, because court-appointed counsel do not have a personal right under the Sixth Amendment to compensation, the defendant also did not have a constitutional right to compensated counsel); *United States v. Phill*, No. 2:25-cr-00162-DC, 2025 WL 3251317, at *4–5 (E.D. Cal. Nov. 21, 2025) (finding no Sixth Amendment violation based exclusively on ineffective assistance of counsel grounds where no trial date had been set and defendant's counsel represented to the court that they had continued to provide effective assistance during the lapse in funding). Nonetheless, the lapse in appropriations has now ended (at least for the time being) and it would be purely speculative for the court to find that a similar sustained lapse in appropriations is likely to recur in the future. In this regard, the court finds the following reasoning to be instructive:

> Passing the possibly difficult conceptual question of whether the appeal has been mooted in constitutional case or controversy terms, we conclude that, in any event, we should treat it as moot for prudential reasons. These have to do both with our inability to give

---

[1] The court notes that, in both of these cases, trial dates had been set and were fast approaching. *See Evanovich*, 2025 WL 3208308, at *4 (February 23, 2026 trial date scheduled); *Ortiz*, 2025 WL 3157821, at *3 (January 26, 2026 trial date scheduled). Notably, no trial date has been set in this case. Indeed, the setting of a trial date has been continued at the request of defense counsel based upon their stated need for additional time to prepare. Of course, the court will continue to provide defense counsel adequate time in which to prepare if appropriate in light of the showing counsel is able to make in a particular case. See *United States v. Miller*, No. 2:23-cr-00150-DJC, 2025 WL 3251315, at *1 (E.D. Cal. Nov. 21, 2025) ("[T]he least intrusive available remedial action is for the Court to grant Defendants whatever continuance Counsel needs to provide Defendants with adequate representation."); *United States v. Butler*, No. 2:20-cr-00182-DJC, 2025 WL 3251340, at *1 (E.D. Cal. Nov. 21, 2025) (same); *United States v. Alonso-Medina*, No. 2:25-cr-00061-DJC, 2025 WL 3251341, at *1 (E.D. Cal. Nov. 21, 2025) (same).

> an effective remedy under the circumstances now developed and with the imprudence of deciding on the merits a difficult and sensitive constitutional issue whose essence has been at least substantially altered by supervening events; [and] which is not likely to recur in its original form in respect of these appellees[.]

*United States v. (Under Seal)*, 757 F.2d 600, 603 (4th Cir. 1985) (internal citation omitted). In short, dismissal of the indictment in this case as to the defendants represented by appointed counsel is not called for because there is no ongoing lapse in appropriations.

Defendants alternatively request their immediate release in this case on conditions, arguing that the lapse in appropriations constitutes a compelling reason for their release under 18 U.S.C. § 3142(i). (Doc. No. 123 at 12–13.) The court is unaware of any authority to support this contention and the moving defendants have not cited any. Moreover, the undersigned observes that courts found that delayed access to counsel due to the COVID-19 pandemic did not necessarily constitute extraordinary reasons compelling temporary release of defendants. *See, e.g., United States v. Terrone*, 454 F. Supp. 3d 1009, 1026–27 (D. Nev. 2020) (finding that although the limitations placed on the defendant's ability to communicate with counsel during the pandemic were regrettable, they did not mandate a defendant's temporary release); *United States v. Villegas*, 587 F. Supp. 3d 1010, 1013 (C.D. Cal. 2020) (same); *United States v. Peralta*, No. 19-cr-00818-PGG, 2020 WL 2527355, at *4 (S.D.N.Y. May 18, 2020) ("As to Peralta's arguments about access to counsel, these concerns, while legitimate, do not justify his release."). Similarly, here, defendants' counsel has represented that throughout the lapse in appropriations they remained in contact with their clients and performed work on this case to the best of their abilities. The court does not decide whether an ongoing denial of access to counsel as a result of the lack of appropriations resulting in appointed defense counsel not being paid for an extended period of time would constitute an extraordinary circumstance under § 3142(i). Instead, the court finds only that the enactment of the Continuing Resolution and the resumption of CJA funding has removed any such extraordinary circumstance in this case at this time.

For the reasons explained above, the court finds that even if a violation of the moving defendants' Sixth Amendment rights occurred at some point between late June and November 12, 2025, the court is unable to fashion an effective remedy now because the purported constitutional

violation has ceased.  Therefore, the court DENIES defendants' motion to dismiss (Doc. No. 123) as having been rendered moot by the passage of the Continuing Resolution by Congress and its signing into law.

   IT IS SO ORDERED.

Dated:  **November 25, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE