ERIC GRANT
United States Attorney
ROSS PEARSON
CAILY NELSON
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ALBARO ALBERTO GONZALEZ MORENO,<br>Defendant. | CASE NO. 2:24-CR-00065 DAD<br><br>STIPULATION AND ORDER REGARDING SENSITIVE DISCOVERY MATERIAL |

**STIPULATION**

Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the United States of America and defendant ALBARO ALBERTO GONZALEZ MORENO stipulate as follows:

**A. <u>Protected Material Generally</u>**

1. The government currently possesses discovery material containing that could identify undercover agents and/or confidential sources, and/or that contain personal identifying information ("PII") and other confidential information of real persons in this case (the "protected material"). The government desires and intends to produce certain protected material to counsel for the defendant, designating the discovery with the bates prefix, "VIGILETAL_PM_." This discovery, and any subsequent material discovered by the Government to Defense Counsel using this bates-prefix, shall be considered Protected Material.

/ /

2. The purpose of this stipulation and requested order is to establish the procedures that must be followed by defense counsel of record, any designated employees, and all other individuals who receive access to protected material in connection with this case.

3. The protected material is now and will forever remain the property of the United States. The protected material is entrusted to counsel for the defendant only for purposes of representation of the defendant in this case. Counsel for the defendant shall not give protected material to any person other than counsel's staff assisting in litigating this case. The term "staff" shall explicitly include attorneys, paralegals, and investigators assisting counsel for the defendant in the present case and exclude any other defendant in this case, or any other pending case against the defendant, any other counsel hired, retained, or otherwise working on behalf of the defendant, or any other person other than those specifically described in this paragraph.

4. Any person receiving access to protected material from counsel for the defendant shall be bound by the same obligations as defense counsel. Hence, any person receiving access to protected material from counsel for the defendant may not give protected material to anyone.

5. If hard copies of protected material are produced or generated, counsel for the defendant shall not make any copies, duplicates, or recordings of the protected material. If hard copies of protected material are produced or generated, counsel for the defendant may, however, take written or typed notes summarizing the protected material and, if necessary to the litigation of the instant matter, may have protected material transcribed. To the extent that notes or transcriptions are made that memorialize, in whole or in part, protected material, or to the extent that copies are made for authorized use by members of the defense, such notes, copies, or reproductions become protected material subject to the terms of the requested order.

6. Counsel for the defendant shall maintain a list of persons to whom any portions or copies of protected material are being or have been given. Such persons shall be provided with a copy of this stipulation and proposed order and shall sign their full names to a copy of the stipulation and agree to be bound by the order and note that they understand its terms and agree to them by signing.

**B. <u>Use of Protected Material</u>**

7. Counsel for the defendant may use any and all protected material in the defense of the

defendant in the instant case in any manner deemed essential to adequately represent the defendant (*i.e.*, in motions that are filed under seal, if necessary; in *ex parte* applications as may be needed; and in reproducing and summarizing protected material for use in trial preparation summaries, exhibits and as evidence, as may be needed), consistent with the proposed order as it shall be originally prepared and signed. In the event defense counsel desires to use protected material in a manner not authorized under the requested order, counsel shall be entitled to seek to have the requested order amended by the Court after giving notice to counsel for the government in a hearing before the Court.

8. No person or party shall use any protected material or information derived from protected material produced in this action for any purpose other than use in the above-captioned case. All protected material shall be used solely for the purpose of conducting and preparing for pre-trial, post-trial, and appellate proceedings (both direct and collateral) and in this criminal action for no other purposes whatsoever, and shall not be used for the economic or other benefit of the defendant, or any third party. Protected material may be disclosed only to the categories of persons and under the conditions described in the requested order.

9. Counsel for the defendant is authorized to discuss with the defendant the contents of any protected material. Counsel for the defendant and any members of defense counsel's staff, however, are prohibited from, in any way, giving to the defendant:

a) Any protected material itself;

b) Copies of any protected material;

c) Copies of excerpts of protected material; or

d) Summaries of any protected material.

10. The above prohibition will not extend to the defendant viewing protected material in open court should any of these materials or summaries of these materials be used in the litigation of this case.

11. The defense shall maintain the protected material safely and securely and shall exercise reasonable care in ensuring the security and confidentiality of the protected material by storing it in a secure place, such as a locked office, or otherwise secure facility where visitors are not left unescorted. A copy of the requested protective order must be stored with the protected material, in paper form and

electronically.

12. To the extent that protected material, or any copies or reproductions thereof, is stored electronically, the protected material will be stored on a password-protected or encrypted storage medium, including a password-protected computer, or device. Any passwords and encryption keys must be stored securely and not written on the storage media that they unlock.

13. If a member of the defense team makes, or causes to be made, any further copies of any protected material, defense counsel will ensure that the following notation is written, stamped, or inscribed on whatever folder, container, or media contains the copies: "PROTECTED MATERIAL - SUBJECT TO PROTECTIVE ORDER."

**C. Filings**

14. In the event a party needs to file protected material with the Court, or disclose PII in court filings, the filing should be made under seal or with all PII or confidential material redacted. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential material and make all reasonable attempts to limit the divulging of PII or confidential material.

**D. Artificial Intelligence Tools**

15. No person or entity authorized to have access to protected material under the terms of the requested order shall input, transmit, upload, submit, quote, feed, process, generate output from, or otherwise expose any protected material received pursuant to the requested order to any artificial intelligence ("AI") tool absent the prior written consent of the government or an order of the Court following a properly noticed motion to which the government has an opportunity to respond, unless that AI tool—

a) is an enterprise-grade platform that counsel for the defendant has licensed;

b) is subject to a binding written agreement that (i) requires the provider to keep all user-supplied data strictly confidential, and (ii) expressly prohibits the provider from using such data for training, fine-tuning, product improvement, or any purpose other than providing the

contracted-for services; and

c) employs technical and organizational security measures reasonably designed to prevent any unauthorized access, disclosure, or use of protected material.

16. The obligations and restrictions of this section apply even where the data or the protected material has been anonymized. "AI tool" means any automated system that uses statistical modeling, machine learning, or similar techniques to process inputs and generate outputs, recommendations, or predictions, including but not limited to large language models, generative AI services, or AI-assisted software tools, whether cloud-based or otherwise.

17. By participating in this agreement, counsel for the defendant certifies: (i) they have implemented reasonable measures to ensure, if using any AI tool, it will maintain the protected discovery's confidentiality as required by this Agreement and (ii) they will ensure all protected discovery is deleted from the tool once this case concludes.

18. Under no circumstances will any member of the defense team submit protected material to a publicly accessible AI system that retains and uses submitted data to train models. Such AI tools pose unique risks to the security and integrity of protected material, given the practical inability to claw back or delete data once it has been incorporated into a model.

**E. Conclusion of Prosecution**

19. Within thirty days of the finality of the instant case against the defendant, as determined under the Federal Rules of Criminal Procedure and case law from the United States Court of Appeals for the Ninth Circuit and the United States Supreme Court, counsel for the defendant shall return any and all copies of protected material and so certify to the attorney for the government.

**F. Applicability**

20. In the event there is a substitution of counsel prior to final disposition of the case, new counsel of record must join the protective order before any protected material may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become subject to the terms of the protective order and serve as custodian of protected material, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth in the requested order. All members of the defense team, whether current or

past counsel, are at all times subject to the protective order and are not relieved by termination of representation or conclusion of the prosecution.

21. The requested order does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing protected material to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

22. Defense counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to protected material by third parties if defense counsel is considering disseminating any protected material to a third party, so the United States may take action to resist or comply with such demands as it may deem appropriate.

IT IS SO STIPULATED.

Dated: August 17, 2026

ERIC GRANT
United States Attorney

/s/ CAILY NELSON
CAILY NELSON
Assistant United States Attorney

Dated:August 17, 2026

/s/ DINA L. SANTOS
DINA L. SANTOS
Counsel for Defendant
ALBARO ALBERTO GONZALEZ MORENO

**[PROPOSED] ORDER**

Based upon the agreement of the parties and pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, the Court adopts the proposed stipulation regulating certain discovery in this case. IT IS HEREBY ORDERED that each of the terms described in the stipulation of the parties shall govern the protected material as defined in the stipulation in this case.

Dated: August 19, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE