DINA L. SANTOS, SBN 204200
Dina L. Santos, A Professional Law Corp.
455 Capitol Mall, Suite 802
Sacramento, California 95814
Telephone: (916) 447-0160

Attorney for
Albaro Gonzalez-Moreno

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>ALBARO GONZALEZ-MORENO<br>Defendant | Case No.: 24-cr-00065 DAD-8<br>STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE<br>Date: January 25, 2027<br>Time: 9:30 a.m.<br>Judge: Hon. Drozd |

**STIPULATION**

The United States of America through its undersigned counsel, Caily Nelson, Assistant United States Attorney, Ross Pearson, Assistant United States Attorney, together with Attorney Dina Santos, counsel for Albaro Gonzalez-Moreno, hereby stipulate the following:

1. The Status Conference was previously set for October 19, 2026. By this stipulation, the parties now move to continue the Status Conference to January 25, 2027, at 9:00 a.m. and to exclude time between October 19, 2026, and January 25, 2027, under the Local Code T-4 (to allow defense counsel time to prepare).
2. The parties agree and stipulate, and request the Court find the following:
   a. A continuance is requested to continue to allow the Defense to meet with the Client, review discovery, conduct investigation, and prepare sentencing materials.

b. Counsel for the Defendant believes the failure to grant a continuance in this case would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

c. The Government does not object to the continuance.

d. Based on the above-stated findings, the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy trial within the original date prescribed by the Speedy Trial Act.

e. For the purpose of computing time under the Speedy Trial Act, 18 United States Code Section 3161(h)(7)(A) within which trial must commence, the time period of October 19, 2026, and January 25, 2027, inclusive, is deemed excludable pursuant to 18 United States Code Section 3161(h)(7)(A) and (B)(iv), corresponding to Local Code T-4 because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

**IT IS SO STIPULATED.**

DATE: October 14, 2026

Eric Grant
United States Attorney

/s/ Ross Pearson
ROSS PEARSON
Assistant U.S. Attorney

DATE: October 14, 2026

Eric Grant
United States Attorney

/s/ Caily Nelson
CAILY NELSON
Assistant U.S. Attorney

DATE: October 14, 2026

/s/ Dina Santos
DINA SANTOS
Attorney for Albaro Gonzalez-Moreno

**ORDER**

The Court has read and considered the Stipulation Regarding Excludable Time Period Pursuant to Speedy Trial Act, filed by the parties in this matter. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that provide good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; and (ii) failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence.

IT IS SO ORDERED.

Dated: **October 14, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE